He was indicted in the Williamsburg District Court, September term 1798, before Prentis and Tucker, judges of the general court, for the murder of Richard Whitaker. The indictment being read he presented a paper containing the following pleas :
1st. That at an examining court held in James’ City County, September 1st, 1798, he was arraigned for the murder of R. W. and that the court upon consideration of that charge “were of opinion” that he was not guilty of the murder of the said R. W. as by the record &c. here produced in court will appear: and avers that the said R. W. in the record, and the said R. W. in the 259 indictment *are the same person, &c. 2dly. That at an examining court held (as above) he was arraigned for the murder of R. W. and that the court upon consideration of that charge “were of opinion” that he was not g-uilty of the murder of the said R. W., but that he ought to be tried for manslaughter on account of the killing of the said Whitaker, as by the record, &c. (as *68 'before) wherefore he prays judgment if he ought again to be charged with the same death, &c. 3dly. He pleaded not guilty to the indictment.
The first of these pleas is a plea of autrefoits acquit as to murder, the second autrefoits convict as to manslaughter. The attorney for the commonwealth (Mr. Saunders) had leave till Monday to reply. Note : There was no averment that he was the same John Bailey in the record mentioned : but herein the plea was amended.
Some doubts may arise as to the manner in which the court ought to proceed in this case. Sir M. Hale lays it down as a rule, that if a record be pleaded in bar, or declared upon in the same court, the other party shall not plead nul tiel record, but have oyer of the record; but if it be in another court he shall plead nul tiel record, or the tenor thereof : and in that case the court will award a certiorari to remove the record before them, and respite the plea till he can remove 260 his acquittal into court.—But it is *to be observed that the record must be removed by writ; for although the king’s bench may take an indictment, or other record of the justices of the peace, propriis manibus when it is to be proceeded on for the king, yet they cannot take a record of acquittal to serve the prisoner’s plea without a .writ. (2 Hale, 241, 2.)
It would seem then proper to award a certiorari in this case; because a record can only be tried by inspecting the record itself, and though the court is possessed of a copy of a record, from the court below, yet inasmuch as that record does not accord with the plea, and as the plea vouches the record to prove that the matter therein set forth is true, it seems indispensably necessary that the record itself should be before the court.
Monday, October 1st. Mr. Saunders pro republico replied nul tiel ■ record, and thereupon a subpoena duces tecum was issued to the clerk of James’ City county returnable forthwith. The record being produced is, as to the material parts, in these words : “It is the opinion of the court that the prisoner ought to be tried for manslaughter, at the next district court, &c.”
TUCKER, Judge.
The essence of a plea of former acquittal, or conviction is, that he was legitimo modo acquietatus,&c. Here then it is necessary that the part should 261 have been ^acquitted or convicted not only in due form, but by a court having competent jurisdiction. 1st. As to due form, Here is nothing in this record that amounts to an acquittal or conviction of either murder or manslaug hter. The party was not arraigned ;•—he was not even indicted ;—there can be no acquittal or conviction,but in consequence of both these modes of proceeding. 2 H. H. P. C. 216. 4 Bl. 322.
2d. The court had not competent jurisdiction ; the court has no jurisdiction in criminal cases beyond the letter of the act. That act authorizes the court only to do one of three things ; viz. to consider, whether as the case may appear to them the prisoner | may be discharged from further prosecution ; may be tried in the county or corporation court, or must be tried by the district court. Now the act establishing county courts is express,- that these courts shall not have •jurisdiction in any case, where the judgment in case of conviction shall be for life or member.
3d. The record produced does not support either of these pleas. An acquittal must be final: so must a conviction : the court have neither acquitted, nor convicted; for they have sent him hither to be tried for the offence of manslaughter. Here then the opinion of the court is neither an acquittal nor a 262 conviction, but merely an opinion *that he must be tried before a court having competent jurisdiction of the case, who may thereafter acquit or convict as the case shall appear before them.